The Attorney General is in receipt of your request for an opinion dated May 2, 1979 wherein you ask, in substance, the following questions: 1. To whom are the provisions of 74 O.S. 1410 [74-1410](d) and 74 O.S. 1410 [74-1410](e) (1971) binding with respect to the confidentiality expressed therein ? 2. Whether a premature press release of complaints filed with the Joint Legislative Ethics Committee would be violative of such provisions ? Our research uncovers no Oklahoma decisional law or Attorney General opinions in point and we will therefore review the legislation itself. The statute referred to in your request is a part of a larger enactment of the Oklahoma Legislature known as the "Oklahoma Code of Ethics for State Officials and Employees," Laws 1968, c. 401 1 et seq., now codified as 74 O.S. 1401 [74-1401] — 74 O.S. 1416 [74-1416] (1971) inclusive (hereafter the "Ethics Code"). The Ethics Code prohibits certain acts by state employees 74 O.S. 1404 [74-1404], state agencies 74 O.S. 1405 [74-1405] and members of the Legislature 74 O.S. 1410 [74-1410] and prescribes penalties for violation thereof 74 O.S. 1406 [74-1406] and 74 O.S. 1411 [74-1411] respectively. With respect to the prohibited acts of a Legislator, the Ethics Code created the "Joint Legislative Ethics Committee," (hereafter the "Committee"), the duties of which include the power to hear complaints under the Ethics Code 74 O.S. 1410 [74-1410](a) and to conduct investigations and hearings concerning those complaints 74 O.S. 1410 [74-1410](b). The provisions of the Ethics Code which give rise to your questions are 74 O.S. 1410 [74-1410](d) and 74 O.S. 1410 [74-1410](e), quoted for convenience as follows: (d) Any complaint filed with the Committee shall be deemed confidential, until such time as the Committee has held a meeting for the purpose of investigating the complaint and said complaint shall remain confidential if the Committee seeks further information thereon, and if the Committee at the conclusion of its preliminary investigation concludes that said complaint was false and groundless the matter shall be closed. However, if the Committee feels that further inquiry is necessary, it may proceed in the manner set out in this act. (e) Any member of the Committee who releases confidential information prohibited in subsection (d) above shall be guilty of a misdemeanor and subject to immediate removal. The confidentiality which attaches to the complaint therefore, commences at the time of the filing. The language of the Code does not impute a confidential character prior to the actual filing of the communication of complaint. Thereafter, confidentiality remains with the complaint and the processing of it until such time as the Ethics Committee determines that here is sufficient merit to the complaint to warrant an open hearing. The penal provisions of 74 O.S. 1410 [74-1410](e) apply, by its own terms, to a member of the Ethics Committee who releases confidential information acquired by him in the course of his service as a Committee member. The prohibition against release of such information remains for so long as the complaint is being processed by the Ethics Committee to ascertain the merit of the Complaint. At such time as the Complaint becomes the subject of a public hearing, the confidentiality attaching to the complaint, of course, dissolves. Whether a "premature press release" of a complaint filed with the Ethics Committee would be violative of the Ethics Code constitutes a question of fact dependent upon the facts and circumstances of each case. Accordingly, the Attorney General respectfully declines to make such a fact determination, a conclusion which is singularly appropriate for the Legislature to make. It is therefore the opinion of the Attorney General that: 1. A complaint filed with the Joint Legislative Ethics Committee shall be deemed confidential at the time of filing of such complaint. 2. A member of the Joint Legislative Ethics Committee is prohibited from releasing the confidential information described in 74 O.S. 1410 [74-1410](d) (1971) while the confidentiality afforded the information exists and is in effect. (MANVILLE T. BUFORD) (ksg) ** SEE: OPINION NO. 79-160 (1979) **